UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   JAMES F. HART,                                          No.  13-07-11088 MA

Debtor.

**ORDER GRANTING, IN PART, and DENYING, IN PART
APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES AND COSTS**

THIS MATTER is before the Court on the Application for Allowance and Payment of Compensation and Reimbursement of Expenses and Costs ("Fee Application") filed by counsel for the Debtors, Velarde & Pierce.  The Fee Application seeks approval of $5,161.47 representing fees, expenses, costs and gross receipts taxes.[1]  Upon review of the Fee Application, the Court finds that some of the requested fees and expenses must be disallowed.  In reaching this determination, the Court FINDS:

   1.  Pursuant to 11 U.S.C. § 330(a)(4)(B),

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

   2.  The Court has an independent duty to evaluate the reasonableness of fees, even when no objections to an application for compensation have been filed.  *See In re Tahah,* 330 B.R. 777, 780-781 (10th Cir. BAP 2005) (noting that "[i]t is well-established that bankruptcy courts have a duty to independently evaluate the propriety of the compensation requested under §

---

[1] Of the total amount requested, $4,595.00 represents fees for professional services. Velarde & Pierce has already received $1,320.00 as a retainer.

1

330.")(citation omitted).

3. Reasonableness is determined based upon such factors as the amount of time spent on the service, the rate charged, and whether the services were necessary to the administration of the bankruptcy estate. 11 U.S.C. § 330(a)(3). Compensation will not be allowed for "unnecessary duplication of services", for services that "were not reasonably likely to benefit the estate" nor for services that are not "necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A). Similarly, when excessive time is billed for uncomplicated matters, the attorney is not entitled to compensation for the total requested amount despite the fact that the work was actually done. *See In re Colorado-Ute Elec. Ass'n, Inc.,* 132 B.R. 174, 177 (Bankr.D.Colo. 1991) ("In applying for fees, attorneys 'should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-1940, 76 L.Ed.2d 40 (1983)). *In re Reconversion Technologies, Inc.,* 216 B.R. 46, 56 (Bankr.N.D.Okla. 1997) (In determining the amount of reasonable compensation, the court "should disallow hours that were 'duplicative, unproductive, excessive, or otherwise unnecessary.'" (quoting *In re Shades of Beauty, Inc*., 56 B.R. 946, 951 (Bankr.E.D.N.Y.1986) (citations omitted).

4. Purely secretarial or clerical tasks are not compensable from the bankruptcy estate, even if such tasks are performed by paralegals or legal assistants. *See In re CF & I Fabricators of Utah, Inc.,* 131 B.R.474, 489 (Bankr. D.Utah 1991) (stating that where "the services provided by the paraprofessional represent a shift of tasks ordinarily performed by a lawyer or other professional, and the service is reasonable and necessary, the service is compensable . . . . [but] [i]f clerical or secretarial services shift to the paraprofessional, the service is overhead and not a

2

reasonable charge to the estate."). The issue of whether time billed for a paraprofessional's work is compensable must focus on "whether additional compensation for the services is reasonable, or whether payment for the service is included in overhead and the rate charged to the estate by the professional." *Id.* at 490 n.16 (citation omitted).

     5. The fee applicant bears the burden of showing entitlement to the requested compensation. *See In re Recycling Industries, Inc.,* 243 B.R. 396, 402 (Bankr.D.Colo. 2000) ("It is well settled that the burden of proof as to the reasonableness of compensation is on the fee applicant."); *In re Amdura Corp.,* 139 B.R. 963, 968 (Bankr.D.Colo. 1992).

     6 After review of the itemized billing statement attached to the Fee Application, the Court finds that some entries must be disallowed because they are not reasonable or necessary. Specifically, the following entries are disallowed for the reasons stated:

| Date | Entry | Time | Amount | Reason for Disallowance |
| --- | --- | --- | --- | --- |
| 5/11/07 | prepare draft of letter to client re: unfiled tax returns | .3 | $25.50 | Secretarial |
| 5/22/07 | prepare draft of letter to trustee re: additional documents | .3 | $25.50 | Secretarial |
| 5/30/07 | Prepare draft of letter to client re: unfiled tax returns | .3 | $25.50 | Secretarial; duplicates entry on 5/11/07 |
| 6/7/07 | Prepare draft of letter to client re: continued sec. 341 meeting of creditors | .3 | $25.50 | Secretarial |
| 6/8/07 | prepare draft of letter to trustee re: documents | .3 | $25.50 | Secretarial |
| 6/19/07 | Prepare draft of letter to IRS re: 2004 - 2006 tax returns | .3 | $25.50 | Secretarial |

3

| 6/19/07 | Prepare draft of letter to NMTR re: 2004 - 2006 tax returns | .3 | $25.50 | Secretarial |
|---|---|---|---|---|
| 6/20/07 | prepare draft of letter to trustee re: documents | .3 | $25.50 | Secretarial |
| 7/3/07 | prepare draft of letter to client re: failure to make mortgage payments | .3 | $25.50 | Secretarial |
| 9/17/07 | Telephone conference with counsel representing IRS re resolution of confirmation issues | .4 | $80.00 | Duplicates entry on following day |

**TOTAL DISALLOWED:** $309.50

6. The Fee Application reflects total expenses in the amount of $234.45. Of this amount, $59.45 represents postage costs. Gross receipts taxes were charged on the total amount. Postage charges are actual, direct costs upon which it is not appropriate to charge gross receipts taxes. Accordingly, $4.09, representing gross receipts tax at the rate of 6.875% on $59.45 must be disallowed. Gross receipts taxes will be charged on the allowed fees plus photocopy charges in the amount of $175.00.

WHEREFORE, IT IS HEREBY ORDERED, that the Fee Application is approved, in part, and denied, in part. Total fees in the amount of $4,285.50[2] and costs in the amount of $234.45 are allowed, plus applicable New Mexico gross receipts taxes in the amount of $306.66[3] (at the rate of 6.875% as reported on the Fee Application), less $1,320.00 which counsel has

---

[2] $4,595.00 less disallowed amount of $309.50.

[3] $4,285.50 + $175.00 (taxable expenses) X .06875 = $306.66.

4

already received, leaving a balance of allowed fees and costs in the amount of $3,506.61[4] due and compensable from the bankruptcy estate. The remainder of fees requested in the Fee Application are disallowed.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

| Chris W Pierce | Kelley L. Skehen | United States Trustee |
| Velarde & Pierce | Chapter 13 Trustee | PO Box 608 |
| 2531 Wyoming Blvd. NE | 625 Silver Ave. SW | Albuquerque, NM 87103 |
| Albuquerque, NM 87112 | Albuquerque, NM 87102 | |

---

[4]$4,520.95 + 306.66 = $4,826.61 less $1,320.00 = $3,506.61.